273 N.W.2d 199 (1979)
In the Matter of T. M. T., alleged dependent child.
No. 12471.
Supreme Court of South Dakota.
Argued November 16, 1978.
Decided January 5, 1979.
Janice C. Godtland, Asst. Atty. Gen., Pierre, for respondent State of South Dakota; William J. Janklow, Atty. Gen., Pierre, on the brief.
Sidney B. Strange, Sioux Falls, for appellant Mother of T. M. T.
PORTER, Justice.
This case involves the termination of parental rights of the mother of a three and one-half year old child, T.M.T. A social worker in the Department of Social Services filed a petition on June 19, 1975, alleging that T.M.T. was a dependent child and requesting termination of the mother's parental rights. The trial court granted permanent termination on February 24, 1978. Because of the total lack of evidence dealing with the period from August 15, 1975 to February 24, 1978, the record is insufficient to support the court's adjudication and termination entered on February 24, 1978. We therefore vacate the trial court's adjudication and decree of disposition and remand for a new hearing.
*200 T.M.T. was born on May 1, 1975. The child was premature, and was placed in intensive care until May 13, 1975. The hospital released the child to the State Department of Social Services on June 19, 1975, the same date on which the Department's social worker filed the petition alleging dependency.
On August 15, 1975, the trial court held a hearing on the petition. The State presented evidence tending to show that the mother was an alcoholic and that she had not exhibited proper maternal concern for the child. At the end of the hearing, the court indicated orally that it would terminate parental rights and ordered the State to prepare findings, conclusions, and a decree of disposition terminating the mother's parental rights. Nothing further was done until February 22, 1978, when the State filed its findings, conclusions, and decree. The court entered the decree on February 24, 1978. The mother appeals from this decree, which terminated all her parental rights in T.M.T.
The issue in this appeal is whether the record is sufficient to support termination of parental rights when there is no evidence dealing with the two and one-half years prior to the court's decree of termination. We hold that it is not. We do not reach the issue of whether the evidence might have been sufficient to support an order of termination in August, 1975.
Before parental rights can be terminated, the court must hold a hearing adjudicating the child dependent, and must also hold a dispositional hearing. See generally SDCL 26-8. The termination must be sufficiently supported by evidence on the record to justify the court's action. We hold that this evidence must be sufficiently fresh so as not to leave the circumstances of parent and child at the time the decree is entered to speculation. In this case, there is no evidence at all covering the period from August 15, 1975 to February 24, 1978. The decree cannot, therefore, stand on the present record.
At oral argument, the State's counsel conceded that because of a lack of evidence on the record for the period from August 15, 1975 to February 24, 1978, the case should be remanded for a new hearing. The mother's counsel agreed. We believe this disposition to be proper under the circumstances.
The trial court's decree of February 24, 1978 is therefore vacated, and the case is remanded for a new hearing, at which both sides may present evidence dealing with the period from August 15, 1975 to the date of the new hearing. The custody of T.M.T. will remain with the State Department of Social Services until new adjudicatory and dispositional orders are entered, or until further order of the trial court, whichever occurs earlier.
All the Justices concur.